**ATLANTIC & GREAT LAKES STEAMSHIP CORP., Plaintiff,**

v.

**STEELMET, INC., Defendant,**

and

**Tidewater Terminals, Inc., Defendant-Appellant.**

No. 74 Civ. 5648 (CMM).

United States District Court, S. D. New York.

April 29, 1977.

Donald F. Mooney, New York City, for defendant and defendant-appellant; Vincent P. Cacciottoli, New York City, of counsel.

Thacher, Proffitt & Wood, New York City, for respondent; George W. Taliaferro, Jr., Robert S. Stitt, New York City, of counsel.

METZNER, District Judge.

Defendants move by order to show cause for an order directing their former attorneys to deliver the original exhibits used at a recent trial in this court to the Orders and Appeals Clerk for transmittal to the clerk of the Court of Appeals. The attorneys' refusal is based on an asserted retaining

lien on these exhibits to secure payment of unpaid fees and disbursements.

On March 23, 1977, the attorneys consented to a substitution of attorneys without arranging for the payment of their unpaid bills. In fact, they did this so as not to prejudice defendants' appeal. By this action they waived their lien, if any existed, as to the exhibits.

While the law clearly provides for an attorney to retain possession of papers left with him by his client relating to the general litigation and professional relations between them, this lien does not extend to exhibits used on a trial.

Ordinarily, exhibits are filed with the clerk of the court upon admission into evidence. However, the district court, by rule, may provide that they be retained in the custody of the attorney who produced them. 2d Cir. R. 11(a). This district has adopted such a rule. Gen.Rules, S.D.N.Y. 20(a). This does not bring such papers within the ambit of an attorney's retaining lien.

Accordingly, counsel shall forthwith make the court exhibits available for the circuit court's consideration. 2d Cir. R. 11(c); General Rules, S.D.N.Y. 20.

So ordered.